(662 P.2d 1301)
No. 54,506

CLARK JEWELERS, *Appellant*, v. DON SATTERTHWAITE, MARICHARLES SATTERTHWAITE, and ARLENE GRABER, formerly Arlene R. Satterthwaite, *Appellees*.

 Opinion filed May 12, 1983. 

*Michael A. Rump* and *Jack Focht* of Smith, Shay, Farmer & Wetta, of Wichita, for the appellant.

*James A. Walker* and *Janice A. Jacobs* of Martin, Pringle, Oliver, Triplett & Wallace, of Wichita, for the appellee Arlene Graber.

Before REES, P.J., SPENCER and PARKS, JJ.

SPENCER, J.: This is an action to foreclose a security interest in a diamond bridal set. The trial court granted summary judgment in favor of defendant Arlene Graber, the third party in possession of the property, stating the action against her was barred by the two-year statute of limitations, K.S.A. 60-513(a)(2). Plaintiff has appealed.

Plaintiff initially sought to commence its action against Don and Maricharles Satterthwaite. Arlene Graber was joined as a party defendant by means of an amended petition filed May 21, 1980. She was served with process on August 4, 1981, and the action against her is deemed to have been commenced on that date.

It is to be noted this action was dismissed as to defendant Maricharles, and defendant Don was discharged in bankruptcy of the debt for which the security interest was given, sometime prior to the entry of judgment. Neither Maricharles nor Don was served with process and the judgment from which this appeal is taken relates only to the claim against defendant Graber. It is also to be noted the appellate court must read the record in the light most favorable to the party who defended against the motion for summary judgment. *Fredricks v. Foltz,* 225 Kan. 663, 594 P.2d 665 (1979).

On November 15, 1977, Don purchased a bridal set from plaintiff for $14,420, with a down payment of $5,000 and the balance to become due within 90 days thereafter. Graber, who had accompanied Don to plaintiff's store, was personally fitted and received the set as an engagement gift from Don the same day. Don then also executed a security agreement and financing statement in favor of plaintiff. The latter was duly filed with the Register of Deeds of Sedgwick County on November 28, 1977. Although Graber was present when the purchase was made, she did not sign anything and denies any knowledge of the agreement. Don failed to pay the balance of the purchase money within the 90-day period, but did make several partial payments,

the last of which was on March 3, 1979. There is apparently an unpaid principal balance of $3,654.94.

Plaintiff now asserts error in finding plaintiff's cause of action against Graber was in tort for recovery of personal property. Plaintiff also argues there are issues of material fact remaining to be determined, *i.e.* whether defendant Graber took the collateral free and clear of plaintiff's security interest and whether plaintiff authorized the disposition of the collateral by Don to Graber. However, the dispositive issue before us at this time is the nature of plaintiff's claim and whether that claim is barred by the provisions of K.S.A. 60-513(*a*)(2).

Plaintiff contends its cause of action is for foreclosure of a written security agreement and the 5-year statute of limitations [K.S.A. 60-511(1)] is applicable.

In *Kirtland v. Tri-State Insurance Co.*, 220 Kan. 631, 632, 556 P.2d 199 (1976), it was stated:

"As a general rule the nature of the cause of action determines the applicable statute of limitations. In addition, statutes of limitations are to be applied to all proceedings emanating from a cause of action in the same manner as they apply to the basic cause of action. The purpose of this rule is to make the right to be enforced, not the procedure, the test as to which statute of limitations applies."

Plaintiff's amended petition clearly states a cause of action to reduce the indebtedness to judgment and to foreclose the security interest in specific personal property given to secure the indebtedness. Graber did not enter into a contract for the purchase of the bridal set, was not a party to the security agreement, and obviously is not personally liable for the debt. K.S.A. 84-9-112. What then is the nature of plaintiff's right to repossess collateral from Graber when a money judgment cannot be rendered against her?

Except as otherwise provided, a security agreement is effective between the parties and against purchasers of the collateral. K.S.A. 84-9-201. A purchaser is a person who takes by sale, gift or any other voluntary transaction which creates an interest in property. K.S.A. 1981 Supp. 84-1-201(32)(33). Except where otherwise provided, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise. K.S.A. 1981 Supp. 84-9-306(2).

A secured party upon default of the debtor may reduce a claim

to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. The rights and remedies are cumulative. K.S.A. 1981 Supp. 84-9-501(1). Unless otherwise agreed, a secured party has on default the right to take possession of the collateral. In taking possession, a secured party may proceed without judicial process if this can be done without breach of the peace, or may proceed by action (K.S.A. 84-9-503), and may thereafter dispose of the collateral as provided by K.S.A. 1981 Supp. 84-9-504. Official UCC Comment 3 to K.S.A. 1981 Supp. 84-9-306 provides in part:

"In most cases when a debtor makes an unauthorized disposition of collateral, the security interest, under prior law and under this Article, continues in the original collateral in the hands of the purchaser or other transferee. That is to say, since the transferee takes subject to the security interest, the secured party may repossess the collateral from him or in an appropriate case maintain an action for conversion. Subsection (2) codifies this rule. A secured party may claim both proceeds and collateral, but may of course have only one satisfaction."

See also K.S.A. 84-9-503, Kansas Comment.

As donee, Graber took the bridal set subject to plaintiff's security interest. She acquired only whatever interest her donor, the debtor, had in that property. Relying in part on *North Cent. Kan. Prod. Cred. Ass'n v. Washington Sales Co.*, 223 Kan. 689, 577 P.2d 35 (1978), Graber argues plaintiff's claim against her is one for conversion, *i.e.* the exercise of unauthorized control over property. But if there was conversion, where and when did it take place?

Generally, a cause of action accrues as soon as the right to maintain an action arises, *i.e.* when the plaintiff could have first filed and prosecuted the action to a successful completion. *State, ex rel., v. Masterson*, 221 Kan. 540, 547, 561 P.2d 796 (1977). Under K.S.A. 60-513(*b*), a cause of action in tort for conversion or for the recovery of personal property accrues when substantial injury first appears or when it becomes reasonably ascertainable. See *Kristek v. Catron*, 7 Kan. App. 2d 495, 496, 644 P.2d 480, *rev. denied* 231 Kan. 800 (1982).

The bridal set was given to Graber on the date it was purchased. Certainly her possession on that date was not wrongful. A debtor's rights in collateral may be voluntarily transferred notwithstanding any agreement to the contrary. K.S.A. 84-9-311.

The trial court found the statute of limitations as to Graber commenced to run from February 15, 1978, the date on which

the balance of the purchase money was initially due. Although the court recognized that Don made numerous partial payments, the last on March 3, 1979, the court specifically found those partial payments did not toll the running of the statute as to Graber. However, she had no personal liability for the debt or cause to believe other than that the purchase obligation had been satisfied. We conclude Don's failure to pay the balance of the purchase money within the initial 90-day period did not ipso facto cause Graber's possession of the collateral to become wrongful. Because it appears that Graber rightfully came into possession of the bridal set, she was entitled to retain possession of that property until such time as plaintiff had gained the right to repossess, had made demand upon her, and she had refused to deliver the bridal set to plaintiff. Then and only then could Graber have committed the tort of conversion. See Prosser, Law of Torts § 15, pp. 89-90 (4th ed. 1971); Restatement (Second) of Torts § 237 (1965).

The trial court found plaintiff, through its president Edwin Clark, visited Graber at her home in the month of September, 1979, to seek voluntary repossession of the bridal set. Although not specifically so indicated, we assume it was then that she refused to deliver the property to plaintiff. Therefore, an action in conversion against Graber did not materialize until that date. The present action as to Graber was commenced within two years thereafter.

Although plaintiff's remedy sounds in tort for the recovery of personal property and an action in conversion might lie, the nature of the present action is the enforcement of a written agreement which created a security interest in that property. The right being enforced is predicated on the security agreement without which there would be no basis whatsoever for plaintiff's claim. Plaintiff has the right to protect its interests in the collateral as against third parties. When Graber received the collateral, she took subject to the terms of the agreement. This is true even though she did not sign it.

The present action is distinguishable from an action in conversion. Plaintiff here is seeking return of the collateral in order to foreclose under its written security agreement, whereas in an action in conversion monetary damages are generally sought. As discussed above, a cause of action in conversion accrues when

the third party's possession of the property becomes wrongful, *i.e.* when the third party refuses to return or disposes of the collateral. Here, plaintiff is asserting its rights under a written instrument which is governed by the 5-year statute of limitations, K.S.A. 60-511(1). Because plaintiff is asserting its right to repossess the property under that agreement, the 5-year statute is deemed controlling and this action timely commenced.

Summary judgment as entered by the trial court is vacated and this cause is remanded for further proceedings.