No. 37,587

Lloyd R. Fairbanks, *Appellant,* v. C. H. Koelling, *Appellee.*

(205 P. 2d 930)

Opinion filed May 7, 1949.

*D. M. Sparks,* of St. Marys, was on the brief for the appellant.

*Robert Stone, James A. McClure, Robert L. Webb* and *Ralph W. Oman,* all of Topeka, were on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order sustaining a demurrer to plaintiff's amended petition.

The facts necessary for our consideration as disclosed by the pleadings are as follows:

Plaintiff's amended petition, filed April 14, 1948, alleged that on or about the 21st of January, 1944, plaintiff and defendant entered into an agreement in writing whereby plaintiff sold to defendant certain stacks of alfalfa hay at a certain price; that defendant made a down payment of $25 on said date but that on or about February 11, 1944, defendant informed plaintiff he was not going to accept said hay or to pay for the same as agreed. The petition then alleged steps taken by plaintiff in the sale of the hay to other parties for a sum less than that agreed to by the defendant and set out certain credits to which the defendant was entitled. The prayer was for judgment in the amount of $446.20, with interest at six percent from January 21, 1944, and for costs.

To this amended petition defendant filed a demurrer on the

ground that it failed to state facts sufficient to constitute a cause of action.

The lower court sustained the demurrer on the ground that the amended petition did not state facts sufficient to constitute a cause of action for the reason that the instrument in writing upon which plaintiff predicated his cause of action did not constitute a contract in writing and was therefore barred by the three-year statute of limitation. From this ruling the plaintiff has appealed.

A copy of the writing upon which plaintiff brought suit was attached to the petition and is as follows:

"Emmett, Kansas
"January 21, 1944

"Bought of Lloyd Fairbanks 4 stacks alfalfa, 2 first 2 second cuttings about 35 tons at $19.50 per ton in stack—2 stacks brown alfalfa about 15 tons at $13.00 per ton in stack. $25.00 check as down payment.

"C. H. Koelling
"707 West 17
"2-8145
"Topeka"

Both parties to this appeal concede that the only question involved is whether the instrument in writing above set out constitutes a written contract so as to come within the five-year period of limitation or whehter it is an oral agreement upon which recovery would be barred by the three-year period of limitation.

As heretofore stated the writing is dated January 21, 1944. Plaintiff's amended petition alleges breach by the defendant on February 11, 1944. Suit was filed in January, 1948, and the amended petition to which the demurrer was sustained was filed April 14, 1948.

The applicable provisions of our code (G. S. 1935, 60-306) are as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwords:

"*First.* Within five years: An action upon any agreement, contract or promise in writing.

"*Second.* Within three years: An action upon contract, not in writing, express or implied; . . ."

In other words, if the writing in question is construed as being an "agreement, contract or promise in writing" it would be entitled to the protection of the five-year statute and the demurrer was thus improperly sustained. On the other hand, if such writing is not an

"agreement, contract or promise in writing" then the three-year statute of limitation would apply and the demurrer was properly sustained.

The action was filed approximately four years after the alleged breach by the defendant and so the question squarely presented for our determination is whether or not the instrument sued on is an "agreement, contract or promise in writing" within the meaning of the first provision of the statute above quoted.

Appellant contends that an action is founded upon any "agreement, contract or promise in writing" when such writing contains either an express promise to pay or language from which such promise arises by fair implication; that formal phraseology is not required and that it is sufficient if the words contained in such writing import a promise or an agreement or if one can be inferred from the terms employed (citing annotation in 111 A. L. R. 984), and he argues that the writing in question certainly imports and infers a promise on the part of defendant (appellee) to pay to plaintiff (appellant) a sum of money for alfalfa bought. We are also cited to the case of *Fey v. Loose-Wiles Biscuit Co.*, 147 Kan. 31, 75 P. 2d 810, in which it was held that a letter written by the company to the manager of its branch increasing the salary of an employee constituted a written contract between the company and the employee when the employee accepted the terms of such letter.

Appellee on the other hand argues that the writing in question is not to be construed as an "agreement, contract or promise in writing" so as to be entitled to the protection of the five-year statute for the reason that it does not contain a definite promise to pay; that the most that can be said for it is it consitutes merely a memorandum of a previously-executed oral agreement to recover upon which the action must have been commenced within three years and that in order for this writing to constitute the kind of a contract sufficient to have the protection of the statute it would be necessary for this court to read into the contract a promise to pay.

Counsel have not cited and our search has failed to disclose a case squarely in point, the reason, of course, being that no two written instruments upon which the precise question in issue could arise are alike. However, in going into the matter it is well to cite some of the authorities covering the general proposition.

In 34 Am. Jur., Limitation of Actions, 71, § 80, it is stated:

". . . As otherwise expressed, to come within such a statute it must appear that the money sued for is promised to be paid by the language of the writing sued upon; if the promise arises only upon proof of extrinsic facts, or, as sometimes expressed, upon evidence *aliunde,* the writing is not within the purview of the statute."

In 53 C. J. S., Limitation of Actions, § 60, we find the following general rule laid down:

"The statutory description of an action as 'founded on an instrument in writing' or equivalent phrase refers to contracts, obligations, or liabilities growing, not remotely or ultimately, but immediately, out of written instruments; and the written instrument relied on must itself contain a contract to do the thing for the nonperformance of which the action is brought. A 'written contract' is generally defined as one which in all its terms is in writing, and there must be a writing evidencing an acknowledgment of indebtedness or promising to pay in such terms as to render any supplemental evidence unnecessary. [p. 1017.]

". . . However, the fact that plaintiff's right to recover may be evidenced in part by written instruments does not necessarily mean that his cause of action is on an 'instrument in writing' so as to be governed by the limitation on actions based on instruments in writing." (p. 1018.)

And at section 68 (same volume and subject), it is stated:

"For the purpose of distinguishing between oral and written contracts, as those terms are used in the statutes of limitation, a written contract, as defined *supra* § 60, is one which in all its terms is in writing; and a contract partly in writing and partly oral is in legal effect an oral contract, an action on which is governed, as to the period of limitation, by the statute governing oral contracts generally, although a contract does not rest partly in parol merely because proof of performance is necessary in order to hold the party liable on his promise. . . .

"*A mere receipt* for money or property is not a contract in writing." (p. 1030.)

Along the same general line we find the following statements in the annotation at 129 A. L. R. 603:

". . . The modification of a contract in writing . . . by parol agreement of the parties, which goes to a material part thereof, therefore, should operate to reduce it to the status of a contract by parol, in determining the applicability of statutes of limitations; for, when so modified, its entire purport, terms, and construction are rendered subject to establishment by parol proof in the same measure as those of a contract entirely by parol. [p. 605.]

"A majority of the cases upon the point support the rule that an action upon a contract is subject to a limitations statute applicable to oral contracts, rather than to one applicable to written contracts, where evidence extrinsic to a written agreement must be used to show the obligation itself, as distinguished from details of the obligation, that is sought to be enforced." (p. 613.)

It would seem therefore that the answer to this question lies in the determination of whether the writing sued on is complete in all

its terms and contains an acknowledgment of indebtedness and a promise to pay, or whether it is to be considered merely as a memorandum which would require proof of extrinsic facts or, as sometimes expressed, evidence *aliunde* in order to supply those elements necessary to constitute a contract.

This action was not brought on an oral agreement in proof of which the writing in question would undoubtedly be competent evidence as a memorandum thereof—the petition alleges that the parties entered into an *agreement in writing* whereby plaintiff sold to the defendant certain alfalfa at a certain price and that writing is the instrument we are now considering. Standing alone, the writing undoubtedly infers that plaintiff and defendant had entered into some sort of deal for the sale of alfalfa. But where in such writing is there any promise on the part of defendant to pay? Suppose plaintiff had refused to go through with his end of the bargain. Could it be said that defendant could successfully sue him for performance, basing his cause of action *solely* upon the writing in question? We think not. There is a distinction between a writing *evidencing* a contract or agreement between parties and an "agreement, contract or promise in writing" which is made the *sole basis* of a cause of action and is entitled to the protection of the five-year statute of limitation. If plaintiff had brought his suit within the three-year period the writing in question undoubtedly would have been competent evidence in support of whatever agreement or deal the parties had entered into for the sale of the alfalfa but we do not believe the writing, standing alone, is legally sufficient to meet the test of such agreements, contracts or promises in writing as are entitled to the benefit of the five-year statute. At most, it is a mere acknowledgment of the fact that a sale has been made and is more in the nature of a pure gratuitous statement by defendant that he had bought certain alfalfa from plaintiff. If it requires evidence of extrinsic facts to prove that defendant promised to pay plaintiff a certain sum of money then it naturally follows that defendant's contractural obligation to pay arises *not* out of the written instrument sued on but from a previously-executed oral contract to recover upon which the action must have been commenced within three years.

We therefore hold that the writing in question, standing alone, is not an "agreement, contract or promise in writing" as is entitled to the protection of the five-year statute and the ruling of the lower court on the demurrer was therefore correct and its judgment is affirmed.