No. 49,588

HAROLD E. MILLER, d/b/a H. E. MILLER & SONS CONSTRUCTION COMPANY, *Appellant,* v. WILLIAM A. SMITH CONSTRUCTING COMPANY, INC., and MARYLAND CASUALTY COMPANY, *Appellees.*

(603 P.2d 602)

Opinion filed July 14, 1979.

*R. W. Niederhauser,* of Caenen & Niederhauser, of Mission, argued the cause and was on the brief for the appellant.

*J. Nick Badgerow,* of McAnany, Van Cleave & Phillips, of Kansas City, argued the cause and was on the brief for the appellee Maryland Casualty Company.

*Edward H. Powers, Jr.,* of Kansas City, was on the brief for the appellee William A. Smith Constructing Company, Inc.

The opinion of the court was delivered by

FROMME, J.: The Court of Appeals in an unpublished opinion affirmed the district court's judgment in this case holding all claims were barred by the three-year statute of limitations, K.S.A. 60-512(1). This statute covers actions brought upon obligations not in writing. We granted review to consider whether the five-year statute of limitations, K.S.A. 60-511(1), should govern. K.S.A. 60-511(1) provides:

"The following actions shall be brought within five (5) years: (1) An action upon any agreement, contract or promise in writing."

The defendant, William A. Smith Constructing Company, Inc., by its employees, R. H. Miller and D. E. Huncke, after certain

oral negotiations, submitted the following purchase order to Harold E. Miller d/b/a H. E. Miller & Sons Construction Company. It should be noted that the R. H. Miller who signed the purchase order had no connection with the latter company. The purchase order was as follows:

"To H. E. Miller & Sons Constr Co.
5801 Outlook
Shawnee Mission, Kansas

Date    10 August, 1971
Terms   Net 30 Days
F.O.B.  Job Site
Ship Via   Your Truck

Rental of Equipment listed below, for work at Mission Lumber Co. 119th St. & I-35, as called for by our Mr. Hayes, starting about August 18, 1971
1 ea Case Backhoe - Loader                     19.00/hr
1 ea 6½ cy tandem dump truck                   15.00/hr
                Thurs Morning 8:00 a.m.

    371-8184

                        8-25-71
WM. A. SMITH CONTRACTING CO., INC.          Charge Job # 468
1401 Fairfax Twy
Kansas City, Kas. 66115

Signed   R.H. Miller
Title
Approved D. E. Huncke
Project Manager."

Under this agreement the equipment was furnished to the defendant on six separate days and on completion of the work the plaintiff submitted an itemized statement indicating a total of $1,496.00 was due under the agreement. More than three but less than five years passed before the present action was filed.

The plaintiff asserts that the writing is sufficient to constitute a promise in writing as required by K.S.A. 60-511(1) which limits such actions to a period of five years. Plaintiff argues that the purchase order and billing statement contain all essential terms of the contract between the parties. Nothing more is needed for the court to arrive at the terms and conditions of the agreement.

Defendant asserts that parol evidence is necessary to determine the contractual terms and that the writings do not contain all essential elements of the contract. Although defendant does not specifically state which contractual terms are not in writing, his reliance on *Fairbanks v. Koelling,* 167 Kan. 361, 205 P.2d 930 (1949), infers that he contends a written promise to pay is missing. In *Fairbanks* the writing relied on was as follows:

> " 'Emmett, Kansas
> " 'January 21, 1944
> " 'Bought of Lloyd Fairbanks 4 stacks alfalfa, 2 first 2 second cuttings about 35 tons at $19.50 per ton in stack — 2 stacks brown alfalfa about 15 ton at $13.00 per ton in. stack. $25.00 check as down payment.
> " 'C.H. Koelling
> " '707 West 17
> " '2-8145
> " 'Topeka' "

Syllabus.

It is noted in *Fairbanks* the date of the agreement was given, the parties were named, the alfalfa purchased was specified, the prices were set forth, and the receipt of a check as down payment was acknowledged. The court in *Fairbanks* held, however, that the instrument was insufficient to be entitled to the protection of the five-year statute. The writing omitted any promise to pay on a day certain. It would not be possible to determine when the statute of limitations would begin to run. The court pointed out, that in order to prove a claim under the writing, evidence would have to be introduced to establish an oral understanding by the parties as to the time and manner of payment.

The general rule is that a written agreement, contract or promise in writing which falls within the five-year statute of limitations, K.S.A. 60-511(1), must contain all its material terms in writing. A contract which is partly in writing and partly oral is in legal effect an oral contract so far as the statute of limitations may be concerned. The writing necessary to have the additional protection of the five-year statute must be full and complete in itself so as not to require proof of extrinsic facts to establish all essential contractual terms. *Fey v. Loose-Wiles Biscuit Co.*, 147 Kan. 31, 75 P.2d 810 (1938); Annot., 3 A.L.R.2d 809, 813 (1949); 51 Am. Jur. 2d, Limitation of Actions § 94, p. 668; 53 C.J.S., Limitations of Actions § 60, p. 1018.

The writing need not, however, be signed by all parties, and where a writing containing all the essential terms of a contract is executed by the party to be charged and the contract is accepted and acted on by the other party the contract is one in writing for purposes of determining which statute of limitations applies. See *Fey v. Loose-Wiles Biscuit Co.*, 147 Kan. at 34-36; 51 Am. Jur. 2d, Limitation of Actions § 94, p. 669.

In the present case the purchase order was made up after oral discussions were completed between the parties. The writing identified the two parties to the agreement, the date of the writing, the nature of the equipment to be furnished, the prices to be paid, who was to transport the equipment to the job site, where it was to be delivered, and when payment was to be made ("Terms Net 30 Days"). In addition the writing was signed by and on behalf of the defendant. The plaintiff, thereafter, accepted and acted on the agreement by furnishing the required rental equipment and on completion of the project plaintiff submitted the itemized billing to show $1,496.00 was due. The amount was to be paid within 30 days after the machinery was last used, September 14, 1971. The petition in this case was filed August 23, 1976, within the five years required.

Under this writing the promise to pay "Terms Net 30 Days" coupled with the other terms set forth therein fulfilled the requirement that all material terms of the promise to pay be set forth in writing. The action based thereon was one which could be brought within five (5) years under K.S.A. 60-511(1).

Since the action must be reversed and remanded to the trial court one additional matter should be considered. Maryland Casualty Company appeared only as the indemnity insurer of defendant and was joined in the action as such. The trial court sustained a motion for summary judgment in favor of Maryland. When plaintiff appealed Maryland was named and joined as an appellee. However, plaintiff-appellant failed on appeal to address the question of the correctness of the summary judgment in favor of Maryland. On oral argument counsel for appellant advised that he was abandoning said appeal. If Maryland is an indemnity insurer of defendant it is generally accepted it cannot be sued until judgment has been obtained against its insured. See *Bayless v. Bayless,* 193 Kan. 79, 392 P.2d 132 (1964), and cases cited therein at page 80.

Accordingly the judgment of the district court in favor of Maryland Casualty Company is affirmed. The judgment of the Court of Appeals and of the district court in favor of defendant, William A. Smith Constructing Company, Inc., is reversed and the case is remanded for further proceedings in the trial court.