Jay L. Fingeret, Mark S. Frank and William L. Steiner, on behalf of themselves and all other similarly situated persons *v.* The Retirement Board of Allegheny County, Jay L. Fingeret, Appellant.

Mark S. Frank and William L. Steiner, on behalf of themselves and all other similarly situated persons, Petitioners *v.* The Retirement Board of Allegheny County and Jay L. Fingeret, Respondents.

The Retirement Board of Allegheny County, Petitioner *v.* Jay L. Fingeret, Mark S. Frank and William L. Steiner, et al., Respondents.

Argued March 14, 1984, before Judges ROGERS, COLINS and BARBIERI, sitting as a panel of three.

*E. J. Strassburger, Strassburger, McKenna, Messer, Shilobod & Gutnick,* for petitioners, Fingeret, Frank and Steiner.

*Anthony J. Martin, Martin and Martin, P.C.,* for respondent, The Retirement Board of Allegheny County.

OPINION BY JUDGE ROGERS, May 1, 1984:

Each, Jay L. Fingeret, Mark S. Frank and William L. Steiner, was employed by the County of Allegheny (county) as a law clerk during two consecutive years between 1974 and 1980. Each made contributions to the County Employer's Retirement Fund as required by Section 1708(a) of the Second Class County Code (Code), Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §4708(a). None was employed by the county for a period of time sufficient to qualify him for a retirement allowance. When each left county employment, the Retirement Board of Allegheny County (Board) refunded his contributions to the fund but paid him no interest on the contributions.

Fingeret, Frank and Steiner commenced a class action[1] in the Court of Common Pleas of Allegheny County against the Board seeking a declaratory judgment that the Board's practice of refusing to pay interest on refunded contributions to the fund made during the first two years of an employee's employment was contrary to Section 1714(a) of the Code, Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §4714 (a).

The Board filed an answer and new matter. The plaintiffs filed a reply and a motion for judgment on

---

[1] The court of common pleas certified the class "to be all those persons who were employees of the County of Allegheny as defined by the Act of 1953, *as amended* by the Act of 1965; 16 P.S. 4701, who left their employment with the County of Allegheny on or after December 18, 1976 and who were employed by the County of Allegheny for a period of at least two (2) consecutive years prior to leaving employment and who were not employed for a sufficient length of time to qualify for the benefits of a retirement allowance."

the pleadings. The Board also filed a motion for summary judgment. The issues before the court were (1) whether the Board's practice of not paying interest on contributions made during the first two years of employment was in accordance with Section 1714-(a) of the Code; (2) if interest was payable, whether the Board's practice of not paying interest on contributions made during a calendar year in which an employee was not employed by the county for the entire calendar year was consistent with Section 1714(a) of the Code; and (3) whether the statute of limitations applicable to claims for interest on refunded contributions was four years or six years.

In an opinion and order made on July 17, 1981 denying the Board's motion for summary judgment and granting in part the plaintiffs' motion for judgment on the pleadings, the common pleas court held (1) that Section 1714(a) did not authorize the Board's practice of refusing to pay interest on contributions made during the first two years of employment and (2) that the Board's practice of not paying interest on contributions made during a calendar year in which an employee was not employed by the county for the entire calendar year was consistent with Section 1714-(a).

The court did not decide the statute of limitations issue, stating that "the record presently before us is deficient as to how employment with the County is accomplished which is essential in the determination of the limiting period." On the last point discovery was had. The plaintiffs filed a motion for partial summary judgment and supporting affidavits. By opinion and order dated May 26, 1982, the court denied the motion for partial summary judgment. The court held that the statute of limitations as to the claims of all members of the class was four years.

To our docket number 1427 C.D. 1982, Fingeret appealed from the court's order of May 28, 1982 dismissing him as a plaintiff and class representative because he terminated his employment more than four years prior to institution of the action (the statute of limitation issue). To our docket number 307 Misc. Docket No. 3, Frank and Steiner appealed from the court's July 17, 1981 order denying their motions for partial summary judgment and ordering that the "liability of the Retirement Board of Allegheny County for interest shall be for only whole calendar years and not for any fraction of a year," (the issue concerning the entitlement of contributors to interest on contributions made during calendar years in which they were not employed for the whole calendar year), and the court's May 26, 1982 order mandating that the statute of limitations applicable to all members of the class was four years (the statute of limitation issue). These orders were certified for appeal by the court's May 28, 1982 order. To our docket number 330 Misc. Docket No. 3, the Board appealed from the court's July 17, 1981 order denying its motion for summary judgment (the issue of the entitlement of the class contributors to any interest). We consolidated the appeals.

*The Board's Appeal*
330 Misc. Docket No. 3

Until January, 1981, Section 1714(a) of the Code provided that:

Any person contributing monthly or bi-weekly into the retirement fund who shall, for any cause, cease to be a county employee before he or she shall be eligible to receive the benefits of the retirement allowances, the total amount of the contributions paid into the retirement

fund by such county employee shall be refunded to him or her by the board. . . . In addition thereto, interest shall be paid and compounded annually on the accumulated contributions of the member for the preceding calendar year at the rate of three per centum per annum on contributions made under subsection(a) of section 1708 upon the effective date of this amendment, provided that said county employe was employed for a period of two consecutive years or more and is not eligible to receive the benefits of a retirement allowance.

In January, 1981, the interest rate was increased from three percent to five percent. *See* Section 3 of the Act of December 10, 1980, P.L. 1165.

The Board contends that the court of common pleas erred in reading Section 1714(a) as meaning that interest must be paid on refunded contributions of an employee during the first two years of his employment. The Board's position is that Section 1714(a) was intended to provide that terminating employes were not entitled to interest on the first two years' contributions. We agree with the court's holding.

Section 1714(a) establishes two conditions which a person who contributes to the retirement fund must meet before he may receive interest on his contributions. These are that he must have been "employed for a period of two consecutive years or more" and that he is "not eligible to receive the benefits of a retirement allowance." Thereupon, Section 1714(a) provides, "interest shall be paid and compounded annually on the accumulated contributions of the member. . . ." The court clearly read the statute properly. The last phrase, "provided that the county employee was employed for . . . two consecutive years", merely describes those who are eligible to receive contribu-

tions; it has no reference to entitlement to interest on contributions.

### The Plaintiffs' Appeals
### 307 Misc. Docket No. 3

The plaintiffs contend that the court of common pleas erred by interpreting Section 1714(a)'s language as allowing the Board to withhold interest on contributions made during any calendar year in which the employee did not work the entire calendar year. We agree.

Section 1714(a) provides that "interest shall be paid and compounded annually on the accumulated contributions of the member for the preceding calendar year at the rate of three percent per annum. . . ." This language establishes the method of calculating the amount of interest which a contributor, who has satisfied the conditions of having been employed for two consecutive years and of not being eligible for a retirement allowance, shall receive. It provides that interest shall be paid and compounded "on the accumulated contributions of the member for the preceding calendar year." We discern in this language no requirement that the contributor should have worked the whole calendar year; and none should be inferred for, among other reasons, such a limitation would deny interest to a person employed for fifty-one weeks but pay it to one who worked fifty-two weeks.

### 1427 C.D. 1982 and 307 Misc. Docket No. 3

Section 5527(2) of the Judicial Code, 42 Pa. C. S. §5527(2), ordains a six-year period of limitation for "[a]n action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing. . . ." Section 5525(3) of the Judicial Code, 42 Pa. C. S. §5525(3) ordains a four-year period of

limitation for "[a]n action upon an express contract not founded upon an instrument in writing." The court found that there were three categories of class plaintiffs; those under the direct control of the County Commissioners; those under the direct control of the administrative offices; and those under the direct control of the Judicial District. It further found that the County Commissioners employed persons by letter; the Judicial District employed persons by court order; and that the hiring practices of the administrative offices were informal, oral and without producing details of employment. Both the Commissioners' letters and the courts' orders give the name of the employee, the title of the position, the salary, and the effective date of hire. Based on these facts, the court concluded that all contracts of employment made by the county were not founded on a writing, but were "effected in a rather informal . . . manner" and held that the four-year statute of limitation was applicable to all categories of employees.

The plaintiffs contend that the court erred with respect to the statute of limitation applicable to those employees hired by the County Commissioners and the Judicial District. They assert that the six-year statute of limitation provided by Section 5527(2) should be applicable because in both cases employment is affected by an instrument in writing.

The issue of what is "a contract . . . or other instrument in writing" for the purposes of Section 5527 seems to be one of first impression in Pennsylvania. An annotation in the American Law Reports which considered the manner in which the issue was resolved in other jurisdictions reports:

The cases generally reveal that a written instrument which sets forth the undertaking of the person executing it or sets forth terms from

which such an undertaking can be imported, and which shows the consideration for the undertaking, and also identifies the parties thereto, will be considered as a contract in writing.

Annot., 3 ALR 2d 809, 812 (1949). *See also, Miller v. William A. Smith Constructing Co., Inc.*, 226 Kan. 172, 174, 603 P.2d 602, 604 (1979) ("The general rule is that a written agreement, contract or promise in writing which falls within the five-year statute of limitations, K.S.A. 60-511(1), must contain all its material terms in writing."). *Mills v. McGaffee*, 254 S.W. 2d 716, 717 (Ky. 1953) (citing the ALR annotation and stating that "[a] written contract is one which is all in writing, so that all its terms and provisions can be ascertained from the instrument itself."). The American Law Reports annotation states further that:

> Generally speaking, where an instrument containing all the terms of a completed contract between two parties is executed by one of the parties and accepted or adopted by the other, the instrument constitutes a contract in writing within the meaning of the statutes of limitations, notwithstanding the fact that the instrument may not be signed by the latter.

Annot., 3 ALR 2d 809, 819 (1949). *See also, Gray v. International Association of Heat & Frost Insulators and Asbestos Workers, Local No. 51*, 447 F.2d 1118, 1121 (6th Cir. 1971) (citing ALR annotation); *Miller, supra.*

We hold that the letters used by the County Commissioners and the orders used by the Judicial District are instruments in writing within the meaning of Section 5527 because they contain all the material terms of the contract between the employees and their employers; namely, the names of the parties, the employee's position and salary, and the effective date of

hire. As the annotation last mentioned reports, the writing is a written contract if it is signed by the party sought to be charged, notwithstanding that it is not signed by the other party.

We therefore affirm the court's order of July 17, 1981 denying the Board's motion for summary judgment (the appeal at No. 330 Misc. No. 3); we reverse the court's order of May 28, 1982 dismissing Jay L. Fingeret as a plaintiff and a class representative (the appeal at No. 1487 C.D. 1982); we reverse the court's order of July 17, 1981 declaring that the liability of the Board for interest shall be for only whole calendar years and not for any fraction of a year (the appeal at No. 307 Misc. Docket No. 3); we reverse the court's order of May 26, 1982 declaring that the statute of limitation applicable to all members of the class is four years (also the appeal at No. 307 Misc. Docket No. 3). The records are remanded for further proceedings consistent with this opinion and computations as shall be necessary to give effect to our orders.

ORDER IN 1427 C.D. 1982

AND Now, this 1st day of May, 1984, the order of the Court of Common Pleas of Allegheny County of May 28, 1982 dismissing Jay L. Fingeret as a plaintiff and a class representative is hereby reversed.

ORDER IN 307 MISC. DOCKET NO. 3

AND Now, this 1st day of May, 1984, the order of the Court of Common Pleas of Allegheny County of July 17, 1981 declaring that the liability of the Retirement Board of Allegheny County for interest shall be for only whole calendar years and not for any fraction of a year is reversed. The order of the Court of Common Pleas of Allegheny County of May 26, 1982 declaring that the statute of limitation applicable to all

members of the class is four years is reversed. The record is remanded for such further proceedings and computations as shall be necessary to give effect to our order.

ORDER IN 330 MISC. DOCKET No. 3

AND Now, this 1st day of May, 1984, the order of the Court of Common Pleas of Allegheny County of July 17, 1981 denying the motion of the Retirement Board of Allegheny County for summary judgment is hereby affirmed.