(692 P.2d 406)
No. 56,573

ELMER D. CHILSON, d/b/a CHILSON MASONRY, and MERCHANTS NATIONAL BANK OF TOPEKA, KANSAS, *Appellees*, v. CAPITAL BANK OF MIAMI, FLORIDA, *Appellant*.

Opinion filed December 27, 1984.

*Steve R. Fabert*, of Fisher, Patterson, Sayler & Smith, of Topeka, for appellant.

*Anne L. Baker*, of Eidson, Lewis, Porter & Haynes, of Topeka, for appellee Merchants National Bank of Topeka.

Before PARKS, P.J., BRISCOE, J., and JEROME HARMAN, Chief Judge Retired, assigned.

PARKS, J.: Plaintiffs Elmer D. Chilson and his bank, Merchants National Bank of Topeka, Kansas (Merchants) brought this action against the Capital Bank of Miami, Florida (Capital), which accepted an unendorsed check drawn by Chilson. The trial court granted summary judgment to Merchants based upon a claim for breach of express written warranty. Capital appeals.

On June 2, 1977, Elmer D. Chilson wrote a $4,550 check on his

Merchants account paid to the order of Murlas Brothers Commodities, Inc. for the purchase of gold futures. The check was presented to Capital for collection by Caribbean Bronze, Inc., a customer of Capital. Although the check was not endorsed by the payee Murlas or anyone else, Capital stamped the back of the check "P.E.G. Capital Bank of Miami N.A." and sent the check through the banking channels for payment by Merchants. The abbreviation "P.E.G." stands for "prior endorsements guaranteed" in banking parlance. On June 13, Merchants paid the check and charged Chilson's account. On September 1, 1978, Chilson brought the missing endorsement to Merchants' attention and demanded that his account be recredited. Merchants asked Capital to obtain the missing endorsement but none has been provided. On May 20, 1982, Merchants paid Chilson $4,550.

Merchants filed this action in Chilson's and its own name on the grounds of its subrogated claim, charging Capital with breach of the implied warranties of title and presentment (K.S.A. 84-4-207). Capital filed a motion to dismiss claiming in part that the three-year statute of limitations on implied contracts or liabilities imposed by statute had expired. K.S.A. 60-512. The trial court agreed that an action based on the warranties implied by the U.C.C. banking provisions (K.S.A. 84-4-207) was controlled by K.S.A. 60-512 and that the time had run on such an action. However, the court held that the "P.E.G." stamp on the check was an express warranty and was actionable as a breach of a written contract. Applying the five-year statute of limitations, appropriate for such an action (K.S.A. 60-511), the trial court denied Capital's motion to dismiss. Defendant appeals the subsequent decision of the court granting summary judgment to plaintiffs.

The relationship between banks involved in the deposit and collection of bank checks is generally governed by the U.C.C. K.S.A. 84-4-207 establishes a chain of warranties between the parties involved in any normal check transaction which may be enforced in a breach of implied warranty action. However, plaintiffs' lawsuit was filed beyond the time permitted to enforce an implied warranty and must rest on the strength of the warranty stated by the P.E.G. stamp independent of the rights ordinarily enforceable under the U.C.C. Therefore, we must

determine whether this stamp constituted a sufficient contract in writing to fall within the five-year period of limitations provided by K.S.A. 60-511.

"The general rule is that a written agreement, contract or promise in writing which falls within the five-year statute of limitations, K.S.A. 60-511(1), must contain all its material terms in writing. A contract which is partly in writing and partly oral is in legal effect an oral contract so far as the statute of limitations may be concerned. The writing necessary to have the additional protection of the five-year statute must be full and complete in itself so as not to require proof of extrinsic facts to establish all essential contractual terms. *Fey v. Loose-Wiles Biscuit Co.*, 147 Kan. 31, 75 P.2d 810 (1938); Annot., 3 A.L.R.2d 809, 813 (1949); 51 Am. Jur. 2d, Limitation of Actions § 94, p. 668; 53 C.J.S., Limitations of Actions § 60, p. 1018.

"The writing need not, however, be signed by all parties, and where a writing containing all the essential terms of a contract is executed by the party to be charged and the contract is accepted and acted on by the other party the contract is one in writing for purposes of determining which statute of limitations applies. See *Fey v. Loose-Wiles Biscuit Co.*, 147 Kan. at 34-36; 51 Am. Jur. 2d, Limitation of Actions § 94, p. 669." *Miller v. William A. Smith Constructing Co.*, 226 Kan. 172, 174, 603 P.2d 602 (1979).

The check and stamp identify all of the parties to the transaction, the amount involved and the guarantee that all prior endorsements are warranted. However, there are no endorsements on the check to which the guarantee might extend. Plaintiffs correctly point out that the absence of an endorsement does not itself evidence a lack of title or nonnegotiability of a check since K.S.A. 84-4-205 permits a depositary bank to supply a missing endorsement. See also *Maynard Inv. Co., Inc. v. McCann*, 77 Wash. 2d 616, 465 P.2d 657 (1970) (check properly paid if depositary bank can show payee actually received proceeds). Thus, plaintiffs contend that a payor bank receiving a check stamped P.E.G. would logically believe that the depositary bank took note of the absence of any endorsement but made an affirmative assurance of its depositor's and its own title to the check. Plaintiffs argue that despite the absence of actual endorsements on the check, the P.E.G. writing extends a warranty because absent endorsements are also guaranteed.

The difficulty with Merchants' argument is that in order for the P.E.G. stamp to have any meaning in light of the absence of an endorsement, reference must be made to the obligations implied at law by the U.C.C. The stamp does not say that prior and missing endorsements are guaranteed and plaintiff cites no au-

thority from this state which would imply such a meaning to a P.E.G. stamp. To the contrary, plaintiff relies entirely on the provisions of the U.C.C. defining the warranties implied by law, to give force to the words stamped on the check as an independently enforceable contract. Such a writing is insufficient to establish all essential contract terms or qualify for application of a five-year statute of limitations.

The cases cited by plaintiff in support of its contention that K.S.A. 60-511 applies to this suit all relate to the application of the limitation period for written contracts to cases where a primary writing is enforced but additional rights are also implied by law. In *Cairo Cooperative Exchange v. First Nat'l Bank of Cunningham*, 228 Kan. 613, 620 P.2d 805 (1980), *modified on reh*. 229 Kan. 184, 624 P.2d 420 (1981), the plaintiff sought to enforce the written direction to its own bank restricting endorsement of a number of checks. The obligation of the bank to honor a customer's restrictive endorsement is implied by law into their relationship but the plaintiff's right of action arises out of the existence of the writing itself. Similarly, in *Clark Jewelers v. Satterthwaite*, 8 Kan. App. 2d 569, 573, 662 P.2d 1301 (1983), the plaintiff relied on a written agreement which created a security interest as the basis for relief. While the law extended the force of this agreement to the particular defendant involved in the case, the agreement itself created the exclusive right sought to be enforced. By contrast, the plaintiff in this case had a right of action against defendant independent of the writing, based on the implied warranties of the U.C.C. The writing, at best, simply echoed the obligation already imposed by law; it did not create a means of relief.

In sum, the selection of the applicable statute of limitations should be determined by the nature of the right sought to be enforced. *Clark Jewelers*, 8 Kan. App. 2d at 571. The writing relied upon by plaintiff is insufficient to establish the essential terms of the warranty without reference to extrinsic facts and circumstances. Thus, it will not suffice to support this suit as one on a written contract. *Miller*, 226 Kan. at 174. Moreover, even if the writing could be held sufficient, it adds nothing to the definition of the parties' rights and obligations beyond that already supplied by statute. Thus, the true nature of plaintiffs'

suit is in implied warranty subject to a three-year statute of limitations.

In passing, we note that plaintiff's assertion on appeal that Florida law controls the statute of limitation issue is without merit. The choice of law provision included in K.S.A. 84-4-102(2) relates only to the rules regarding liability in handling a negotiable item and not to the procedural restrictions on a lawsuit which vary in every state. This is borne out by the Kansas Comment which notes that the subsection "has received virtually no judicial interpretation because Article 4 has been adopted in all 50 states with little variation." The adoption of identical Article 4 statutes would not inhibit judicial interpretation if the provision applied to matters outside of the article.

We conclude that the trial court erred in applying a five-year statute of limitations in this case. Consequently, the summary judgment in favor of plaintiff was also in error.

Reversed.