No. 65,264

ROBERT HADLEY HALL, *Appellant,* v. MID-CENTURY INSURANCE CO., INC., and BANK IV OLATHE, N.A., *Appellees.*

(811 P.2d 855)

Opinion filed May 24, 1991.

*Douglas D. Sutherland,* of Chapman, Waters & Baxter, of Leavenworth, argued the cause, and *Jeffrey L. Baxter,* of the same firm, was with him on the brief for appellant.

*Edward M. Boyle,* of Payne & Jones, Chartered, of Overland Park, argued the cause, and *Michael B. Lowe,* of the same firm, was with him on the brief for Mid-Century Insurance Co., Inc.

*Gerald A. King,* of Armstrong, Teasdale, Schlafly, Davis & Dicus, of Overland Park, argued the cause, and *L. Franklin Taylor,* of the same firm, was with him on the brief for Bank IV Olathe, N.A.

The opinion of the court was delivered by

SIX, J.: This case is presented to us with a Janus-like characterization. The plaintiff, attorney Robert Hadley Hall, who is appealing, informs us that the issue relates to conversion of a $50,000 missing endorsement draft under K.S.A. 84-3-116(b) and K.S.A. 84-3-419(1)(c) of the Uniform Commercial Code.

The defendants, Mid-Century Insurance Co., Inc., (Mid-Century) and Bank IV Olathe, N.A. (Bank IV), contend: (1) The case arose from an attorney fee dispute between Hall and Gary L. Sloan, members of the Gary L. Sloan Law Offices, (2) the fee controversy has been resolved, and (3) the appeal is moot and should be dismissed.

Our jurisdiction is under K.S.A. 20-3018(c) upon transfer from the Court of Appeals.

The trial court granted the Bank IV and Mid-Century motions for summary judgment. While Hall's appeal was pending, a motion to dismiss as moot was filed by Mid-Century. Bank IV joined in the motion. The Court of Appeals denied the motion with leave to raise the issue when the appeal is heard on the merits.

We agree with the attorney fee dispute characterization. The issues are moot. The appeal is dismissed.

## Facts

Mike Moles sued Susan LaPlant in an automobile personal injury action. Moles was represented by the Gary L. Sloan Law Offices. (Sloan and Hall are associated attorneys.) Moles' personal injury case was settled for $50,000. Under the settlement, Moles agreed to pay attorney fees and expenses of $24,862.65. As a result of the settlement, an insurance draft was issued to "Mike Moles, Gary L. Sloan and Robert Hall, his attorneys."

Before the Moles settlement draft was issued, Hall had contractually agreed with Sloan that any fee Hall earned would be deposited in the Gary L. Sloan general account. Sloan and Hall also agreed that after disbursement of expenses, 50% of the fee would belong to Hall and 50% of the fee would belong to Sloan. Hall claimed that he was entitled to $11,691.32 of the Moles fee.

Hall sued Sloan and Sloan's wife to recover this fee. Hall added a fraud count based upon a scheme to defraud him by negotiating the check without his authority. Hall also sued Bank IV and Mid-Century on one count of statutory conversion under K.S.A. 84-3-419. Hall claimed $50,000 from each, plus punitive damages and attorney fees.

The draft carried the purported endorsement of Mike Moles and the following restrictive endorsement: "Pay to the order of Bank IV Olathe, KS, For Deposit Only, 114-289-501, Gary L. Sloan, Attorney-at-Law Trust Account." Hall did not endorse the draft. The Gary L. Sloan Law Offices, on that same day, negotiated the draft to Bank IV. It was accepted for deposit and Gary L. Sloan's trust account was credited for $50,000.

Mid-Century purchased the $50,000 draft. Bank IV gave the trust account final credit in the amount of $50,000 and allowed Gary L. Sloan or his agent to write a check on the trust account

in the amount of $24,862.65 payable to Gary L. Sloan and deposited into the Gary L. Sloan general account.

The Sloan/Hall September 2, 1987, practice of law agreement stated in pertinent part:

"RE: Agreement regarding our association in the practice of law at 222 South Cherry, Olathe, Kansas

"Dear Robert:

"This letter will confirm our verbal agreement and will serve as the contractual arrangement concerning our relationship as associate attorneys in the practice of law at 222 South Cherry, Olathe, Kansas, effective as of September 2, 1987. You have agreed to associate with me in the practice of law as outlined below. I have agreed to provide:

. . . .

"In consideration for the above agreement, I will receive 50% of all remuneration which you receive from your activities as a lawyer, regardless of the source of the client. The remuneration will include fees earned during regular business hours as well as evenings and weekends. At the time fees are received, all such money will be deposited into my general account before disbursement to our separate accounts. The deposit of all monies into my general account will enable us to keep accurate bookkeeping records. At the end of each pay period, the fees deposited in the general account will be first disbursed to reimburse any expenses that have been advanced with the remainder to be divided between us.

. . . .

"In the event that our arrangement becomes unworkable from either of our points of view, either one of us may inform the other of the desire to terminate. A minimum of thirty (30) days notice will be required unless otherwise mutually agreed between us. You will be entitled to any fees received after your departure based on the aforementioned method of division. This means that all accounts receivable for work accomplished during your association with this office will continue to be paid into the general fee account of this office and a 50/50 division will be maintained each pay period. Billing for accounts receivable will continue to be generated from this office until paid. You will be entitled to 100% of any fees paid for work accomplished after your departure on any cases that you have generated and that you retain.

. . . .

"Very truly yours,
[Signature]
"GARY L. SLOAN

"GLS:bas
"APPROVED:
"9/23/87
"DATE

[Signature]
"ROBERT HADLEY HALL"

The personal injury petition filed on behalf of Moles in the underlying case shows plaintiff Moles was represented by the Gary L. Sloan Law Offices. Examination of the two attorney signatures on the petition reflects that Sloan and Hall represented themselves to be "Attorneys for Plaintiff."

The trial court granted summary judgment to Mid-Century and to Bank IV.

Hall and Sloan eventually arrived at a settlement of all claims that each had against the other, including claims arising out of Hall's right to a fee in the Moles case. Hall then dismissed his claims against the Sloans with prejudice.

## Summary Judgment

Our dismissal of this appeal as moot disposes of the case. We need not address in detail the trial court's summary judgment ruling. The trial court's ruling was correct.

Bank IV's motion for summary judgment contains as an uncontroverted fact: "Plaintiff Robert Hadley Hall and Defendant Gary L. Sloan associated together in the practice of law and operated under a written agreement that all fees earned by Mr. Hall were to be first deposited into the Gary L. Sloan General Account before disbursement into their separate accounts."

Hall responded:

"Plaintiff [Hall] does not controvert that he and defendant Gary L. Sloan practice law together under the written agreement attached to the Petition, but Plaintiff was not Sloan's 'associate' in the sense that that term may be used to mean 'employee.' Plaintiff denies the allegations as to the terms of the agreement, since the agreement speaks for itself."

Mid-Century incorporated the Bank's statement of uncontroverted facts by reference in its motion for summary judgment and set forth additional uncontroverted statements of fact.

The trial court, in granting the motion for summary judgment, found that the Hall-Sloan agreement of September 2, 1987, recited the contractual relationship between the two attorneys.

## Hall's Claims

Hall seeks damages for the alleged conversion of the $50,000 draft under K.S.A. 84-3-419(1)(c). Hall contends Bank IV and Mid-Century paid the draft with Hall's endorsement missing. Hall

relies on *Chilson v. Capital Bank of Miami,* 237 Kan. 442, 445, 701 P.2d 903 (1985), which held that payment on a check without any endorsement is the same as payment on a forged endorsement. Hall advances the argument that the Uniform Commercial Code as adopted by Kansas establishes the liabilities and rights of all parties to this appeal.

Hall asserts that an instrument made payable to joint payees must be endorsed by all of them. K.S.A. 84-3-116(b). Mid-Century made the draft payable to Mike Moles, Sloan, and Hall jointly. Hall reasons that Sloan is not Hall's agent for purposes of endorsing instruments and that Hall and Sloan were not partners, engaged in a joint venture, or employee-employer. Hall argues that Sloan did not have express authority to endorse for Hall. Further, Hall contends that an agency relationship never existed between himself and Sloan. Under K.S.A. 84-3-419(1)(c), Hall reasons that both Bank IV and Mid-Century are absolutely liable to Hall for paying on the draft without his endorsement. Hall seeks judgment for $50,000—the full amount of the draft.

### The Uniform Commercial Code

Neither K.S.A. 84-3-419(1)(c) nor K.S.A. 84-3-116(b) provides a rule of absolute liability as suggested by Hall. K.S.A. 84-3-116(b) states a general rule of liability to which there are several exceptions. One exception applicable here is where there is no damage or loss to the nonendorsing payee. There is no liability on the part of a bank that takes a check with the missing endorsement of a joint payee where the joint payee received the proceeds of the check or that part of the proceeds to which the payee was entitled. Brady on Bank Checks ¶ 7.15 (6th ed. 1987).

The issue can be summarized as follows: If the funds actually reached the intended payee, does it matter along the way if there is a missing or unauthorized endorsement? Common notions of equity suggest that liability may not be predicated on strict liability theories if the funds reach the intended payee. Hillman, McDonnell & Nickles, Common Law and Equity Under the Uniform Commercial Code ¶ 14.05 (1985).

The funds were deposited in the intended account. The absence of endorsement is simply technical and caused Hall no loss. See, e.g., *Gotham-Vladimir Adv. v. First Nat. Bank,* 27 A.D.2d 190,

277 N.Y.S.2d 719 (1967) (drawer is precluded from recovering from drawee bank for paying his checks on forged or unauthorized endorsement where the proceeds of the check actually reached the person whom the drawer intended to receive them).

Hall pled the contract between himself and Sloan and admitted its provisions, which are uncontroverted facts. Those uncontroverted facts require the conclusion that the fee had to go to the Sloan general account. The uncontroverted facts show that the fee did go to the Sloan general account.

### Dismissal of the Hall-Sloan Lawsuit

Hall and the Sloans entered into a stipulation for dismissal with prejudice of the instant lawsuit. Bank IV and Mid-Century were not parties to the stipulation or agreement. This dismissal was pursuant to a settlement agreement and release. The agreement and release stated in part:

"WHEREAS, the Sloan parties [Gary and his wife], on the one hand, and Hall, on the other hand, now desire, without any party's admission of liability as to claims made by the other parties in said lawsuit, to settle, compromise, and release any and all claims, demands, debts, obligations, liabilities, damages, actions and causes of actions of every kind and nature, accrued or to accrue, contingent or otherwise, known or unknown, which each has against the other through the date of the execution of this Agreement and Release; and

"WHEREAS, in addition to the foregoing specific references, the Sloan parties and Hall have had a contractual relationship as evidenced by plaintiff's Exhibit B [the Hall/Sloan September 2, 1987, law practice agreement] attached to his petition which the parties thereto, now desire, without the parties' admission of liability to settle, compromise and release each other relative thereto;

. . . .

". . . It is the express intention of the undersigned parties to likewise release any claims that either party may have against the other for accounts receivable which each of the parties has received, relative to their contractual relationship."

Hall claims he is entitled not only to recover from Bank IV and Mid-Century $50,000, the full amount of the draft, but also to retain the $9,571.00 he received in the Hall-Sloan settlement. Hall is only entitled to recover his interest in the draft. *Southern Cal. Permanente Medical Group v. Bozinovski*, 148 Cal. App. 3d 503, 509, 196 Cal. Rptr. 150 (1983) (a bank which has paid out

money on a forged endorsement is liable to the payee for the amount which the payee should have received).

K.S.A. 84-3-419, Official UCC Comment 4, Permanent Editorial Board for the Uniform Commercial Code, provides in relevant part: "Evidence is admissible to show that for *any* reason . . . the obligation is in fact worth less, or even that it is without value." In his petition, Hall asserted that he suffered damage in the amount of $11,691.32, which was his claimed share of the $50,000 settlement.

In consideration of the Sloan/Hall settlement agreement and release, Hall received, among other things, a payment in the amount of $9,571. This agreement, release, and settlement finally determines the amount due and owing to Hall. See *Bank One, Columbus, N.A. v. Hochstadt*, 515 So. 2d 332, 333 (Fla. Dist. Ct. App. 1987) (summary judgment for plaintiff reversed and summary judgment entered for defendant where intended payee received proceeds of check despite the fact that the check was paid over a missing endorsement).

Hall has received his share of the settlement draft. He is precluded from recovering damages for conversion. The dismissal with prejudice binds Hall.

Hall settled his attorney fee claim against Sloan after the trial court's entry of summary judgment in favor of Bank IV and Mid-Century but prior to this appeal. No actual controversy exists. This appeal is moot. See *Kimberlin v. City of Topeka*, 238 Kan. 299, 301, 710 P.2d 682 (1985).

Appeal dismissed.