**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**July 11, 2006**

**FOR THE TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

STEVEN T. STEIN;
JOLEEN K. STEIN,

Plaintiffs-Appellants,

v.

GREGORY L. STEIN; SHARON W.
STEIN; MERIDIAN PLACE, Meridian
Place, LLC; PL WEST, LLC;
WESTERN FRONT DEVELOPMENT
INC.,

Defendants-Appellees.

No. 05-3421
(D.C. No. 04-CV-1311-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Plaintiffs Steven and Joleen Stein appeal from district court's entry of

summary judgment in favor of defendants, Gregory and Sharon Stein and business

entities formed by Gregory Stein. We exercise jurisdiction and affirm.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

On September 20, 2004, Steven and Joleen (a married couple) filed a complaint alleging that Gregory and Sharon (Steven's brother and his wife) were liable for damages for breach of contract, fraud, unjust enrichment, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. The complaint also requested an accounting.

Plaintiffs' claims arose from a plan for Gregory's real-estate development company (defendant Western Front Development) to purchase and develop the Meridian Town Center, a partially completed shopping center in the State of Washington. Steven (a career banker) and Joleen asserted that they had an equity interest in the project. Gregory (a developer) and Sharon maintained that plaintiffs were involved as lenders and that by March 2004 the $1.4 million loan had been repaid, along with $200,000 in interest.

Defendants moved for summary judgment, based in part on a statute-of-limitations argument. In analyzing the undisputed facts, the district court determined that plaintiffs' contract claim accrued in the early months of 2000, when the parties allegedly reached a partly oral and partly written agreement; and that the fraud and breach of duty claims accrued by May 2001 at the latest, when Steven and Gregory had a heated argument about Steven's role in the project. Therefore, the court concluded, plaintiffs' claims were barred by the applicable statutes of limitations. *See* Kan. Stat. Ann. § 60-512(1) (three-year limitation period for oral-contract claims, applying to agreements which do not

contain all material terms in writing);[1] *id.* § 60-513(a)(3) (two-year limitation period for fraud claims); *id.* § 60-513(a)(4) (two-year limitation period for "[a]n action for injury to the rights of another, not arising on contract, and not [previously] enumerated," which applies to breach of duty claims). The court also decided that plaintiffs had no claim of unjust enrichment because the loan had been satisfied. It therefore granted defendants' summary judgment motion.

Plaintiffs appeal, presenting three issues for review:

1.  Whether the District Court erred in finding there was not a written agreement by and between the parties and/or there was not a meeting of the minds as to the agreement between the parties.

2.  Whether the District Court erred by making the factual finding that Plaintiffs knew or should have known their causes of action accrued in May of 2001 so as to start the statute of limitations to run in regards to all of Plaintiffs' claims.

3.  Whether the District Court erred in failing to find there had been equitable tolling in these claims between these two brothers which made Plaintiffs' claims timely.

Aplt. Br. at 1. As a general matter, plaintiffs also assert that the district court failed to resolve all inferences in their favor.

"We review the grant of summary judgment de novo and affirm only if the record, considered in the light most favorable to the plaintiff, establishes no genuine issue of material fact," *Bastible v. Weyerhaeuser Co.*, 437 F.3d 999, 1004

---

[1]   *See Chilson v. Capital Bank*, 692 P.2d 406, 408 (Kan. Ct. App. 1984) (stating that a contract which is partly in writing and partly oral is in legal effect an oral contract).

(10th Cir. 2006) (quotation omitted), and the defendant is entitled to a judgment as a matter of law, Fed. R. Civ. P. 56(c).

We have examined the record on appeal and reviewed the district court's summary judgment order against the backdrop of plaintiffs' appellate issues. We conclude that the district court properly sorted through the parties' factual contentions, decided which facts were material to plaintiffs' claims, and viewed the undisputed facts in a light most favorable to plaintiffs. And we discern no error in the district court's legal determinations. Accordingly, we AFFIRM for substantially the reasons stated by the district court in its thorough and thoughtful memorandum and order dated October 12, 2005.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-